**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GUILLERMO JERONIMO CIPRIANO | : |
| 6078 Bellview Drive | : |
| Apt. 201 | : |
| Falls Church, Virginia 22041 | : |
| | :   Civil Action No. |
| EDITH SALOME ANTONIO | : |
| 6078 Bellview Drive | : |
| Apt. 201 | : |
| Falls Church, Virginia 22041 | : |
| | : |
| LETITIA SALOME ANTONIO | : |
| 3346 Glen Carlyn Drive | : |
| Apt. 102 | : |
| Falls Church, Virginia 22041 | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| P&D CONTRACTORS, LLC | : |
| 12607 Stratford Garden Drive | : |
| Silver Spring, Maryland 20904 | : |
| | : |
| Serve:  Resident Agent | : |
| Stanley Manuel | : |
| 21 St. Charles Court | : |
| Stafford, Virginia 22556 | : |
| | : |
| JOHN MANUEL | : |
| 12607 Stratford Garden Drive | : |
| Silver Spring, Maryland 20904 | : |
| | : |
| JAMES MANUEL | : |
| 12607 Stratford Garden Drive | : |
| Silver Spring, Maryland 20904 | : |
| | : |
| and | : |

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3712870_1

|  |  |
|---|---|
| PN DRYWALL CONTRACTOR, LLC<br>7123 Loisdale Road<br>Springfield, Virginia 22150<br><br>    Serve:  Resident Agent<br>              Walter Antonio Constanza<br>              7123 Loisdale Road<br>              Springfield, Virginia 22150<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiffs, Guillermo Jeronimo Cipriano, Edith Salome Antonio and Letitia Salome Antonio ("Plaintiffs"), by and through their attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby file their Complaint against P&D Contractors LLC, John Manuel, James Manuel and PN Drywall Contractor LLC ("Defendants"), under a breach of contract action, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), the D.C. Minimum Wage Revision Act ("DCMWRA"), and the D.C Wage Payment and Collection Law ("DCWPCL"), stating as follows:

## INTRODUCTION

Plaintiffs worked for Defendants as drywall finishers. Defendants paid them below the wages required by the Davis-Bacon Act. The appropriate Davis-Bacon prevailing wage applicable to the jobs Plaintiffs worked on was $33.00 per hour, but Defendants paid them at rates between $15.00 and $17.00 per hour. Plaintiffs also worked overtime each week for which they were not paid at the required overtime rate of one and a half times their hourly rates for hours in excess of forty hours per week as required by D.C. and federal law. Defendants have willfully violated the clear and well-established overtime provisions of the FLSA, the

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

DCMWRA and the DCWPCL. Plaintiffs seek compensatory and statutory damages for all unpaid wages and overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiffs are adult residents of Virginia.

4. Defendant P&D Contractors, LLC ("P&D Contractors") is a Virginia limited liability company with its principal place of business in Maryland.

5. Upon information and belief, John Manuel and James Manuel ("Individual Defendants") are Maryland residents.

6. Defendant PN Drywall Contractor, LLC ("PN Drywall") is a Virginia limited liability company with its principal place of business in Virginia.

7. At all times material herein, Defendant had annual gross volume of sales made or business done in an amount exceeding $500,000.

8. Defendants have at least two or more employees who are engaged in interstate commerce and/or handle, sell, or otherwise work on goods or materials that have been moved or produced for commerce. Defendants also process credit card transactions for customer payments and purchase equipment and materials that move in interstate commerce.

9. Each Defendant is an "employer" within the meaning of the FLSA, the DCMWRA and the DCWPCL.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3

3712870_1

10. The Individual Defendants controlled the day to day operations of P&D Contractors.

11. The Individual Defendants had the power to hire, fire, suspend, and discipline Plaintiffs.

12. The Individual Defendants supervised Plaintiffs directly or indirectly.

13. The Individual Defendants directly or indirectly set and controlled Plaintiffs' work schedules or had the power to do so.

14. The Individual Defendants directly or indirectly set and determined the rate and method of Plaintiffs' pay or had the power to do so.

15. Federal courts have made clear that individual employers are liable under FLSA, if the employer met the economic reality test for "control." *Chao v. Mid-Atlantic Installation Services, Inc.*, 16 Fed Appx. 104 (2001).

16. The Individual Defendants would be considered employers for purposes of individual liability because of their intrinsic involvement in the business.

## FACTS

17. Plaintiffs were employed by Defendants as drywall finishers.

18. Plaintiffs received checks from Defendant PN Drywall but otherwise had no contact with that entity.

19. Plaintiffs signed in and out at the jobsite on papers listing their employer as "P&D Contractors."

20. Plaintiffs received their daily instructions from P&D employees.

21. Upon information and belief, Plaintiffs worked at a jobsite which received at least partial federal funding in D.C. and such was subject to the Davis-Bacon Act.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

22. Plaintiffs should have received scale wages of $33.00 per hour for the positions they held.

23. Plaintiff Guillermo Jeronimo Cipriano worked for Defendants from August 8, 2013 until March 25, 2014. He was paid $17.00 per hour and worked approximately 1,456 hours.

24. Plaintiff Guillermo Jeronimo Cipriano is owed $23,296.00 in wages paid below the applicable Davis-Bacon prevailing wage and an additional $2,640.00 in unpaid overtime.

25. Plaintiff Edith Salome Antonio worked for Defendants from August 8, 2013 until March 25, 2014. She was paid $17.00 per hour and worked approximately 1,456 hours.

26. Plaintiff Edith Salome Antonio is owed $23,296.00 in wages paid below the applicable Davis-Bacon prevailing wage and an additional $2,640.00 in unpaid overtime.

27. Plaintiff Letitcia Salome Antonio worked for Defendants from September 23, 2013 until March 25, 2014. She was paid $15.00 per hour and worked approximately 1,456 hours.

28. Plaintiff Leticia Salome Antonio is owed $20,790.00 in wages paid below the applicable Davis-Bacon prevailing wage and an additional $2,161.50 in unpaid overtime.

29. Plaintiffs were not paid one and a half times their regular hourly rates for hours worked in excess of forty per week.

30. Plaintiffs are owed overtime and regular wages that Defendants willfully failed and refused to pay to Plaintiffs in violation of D.C. and federal law.

31. By statute, Defendants are required to maintain records which document the number of days Plaintiffs worked. 29 U.S.C. §211.

32. The precise number of hours worked and wages owed should be revealed through discovery.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3712870_1

33. Defendants knowingly and intentionally violated Plaintiffs' rights under Washington, D.C. and federal law.

## COUNT I
### (Breach of Contract)

34. Plaintiffs adopt herein by reference paragraphs 1 through 33 above as if fully set forth herein.

35. The contracts between P&D Contractors and its employer, as well as the contract between P&D Contractors and PN Drywall are governed by 40 U.S.C. §3142 because it applies to "every contract in excess of $2,000, to which the Federal Government or the District of Columbia is a party, for construction, alteration, or repair … of public buildings and public works of the Government … that are located in a State or the District of Columbia and which requires or involves various classes of laborers and mechanics." *Id*. at §3142(a).

36. The statute further provides that "minimum wages shall be based on the wages the Secretary of Labor determines to be prevailing for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in the civil subdivisions of the State in which the work is to be performed, or in the District of Columbia if the work is to be performed there." *Id*. at §3142(b).

37. The statute also provides that "[n]o contract shall be awarded to persons appearing on the list or to any firm, corporation, partnership, or association in which the persons have an interest until three years have elapsed from the date of publication of the [list of employers who have disregarded their obligations under the Act]." *Id*. at §3144(b)(2).

38. At all relevant times, Plaintiffs were "drywall finishers" within the scope of 40 U.S.C. §3142.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

39. Upon information and belief, the prevailing wage as determined by the Secretary of Labor under this contract was $33.00 per hour for the drywall finishers.

40. While employed by Defendants, Plaintiffs worked and were not compensated their straight time or their overtime wages in accordance with the contracts.

41. Unpaid straight time and overtime wages are due and owing to Plaintiffs by Defendants.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment against Defendants, jointly and severally, in favor of Plaintiffs in an amount to be determined at trial, but not less than $74,823.50, which is the approximate amount of wages owed; and to grant to Plaintiffs such other and further relief as the Court deems just and proper.

## COUNT II
## (FLSA)

42. Plaintiffs adopt herein by reference paragraphs 1 through 33 above as if fully set forth herein.

43. Defendants were required to pay Plaintiffs compensation at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

44. Throughout the Employment Periods, Defendants failed to compensate Plaintiffs at the rate of one and a half times their regularly hourly rates as required under the contracts for all hours worked in excess of forty hours per week.

45. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

46. Defendants' violation makes them liable to Plaintiffs for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in amount to be determined at trial, but not less than $14,883.00, which is two times the total wages and overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (DCMWRA)

47. Plaintiffs adopt herein by reference paragraphs 1 through 33 above as if fully set forth herein.

48. Defendants were required to pay Plaintiffs one and a half times their regular hourly rates for hours in excess of forty hours per week. *See* D.C. ST §32-1012.

49. Throughout the Employment Periods, Defendants failed to properly pay Plaintiffs overtime required by the DCMWRA.

50. Unpaid wages are due and owing to Plaintiffs by Defendants.

51. Defendants' failure and refusal to comply with their obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but not less than $14,883.00, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper

## COUNT IV
### (Violation of the D.C. Wage Payment and Collection Law)

52. Plaintiffs adopt herein by reference paragraphs 1 through 33 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

8

3712870_1

53. The amounts owed to Plaintiffs by Defendants for unpaid wages and overtime constitute "wages" under the DCWPCL. D.C. ST § 32-1301(3).

54. Defendants were required to pay to Plaintiffs compensation at the wages set forth under the contracts which included the Davis-Bacon prevailing wage requirement.

55. Defendants were required to pay to Plaintiffs overtime wages as set forth by D.C. law at the rate of one and a half times their regular hourly rates according to the contracts for all hours worked in excess of forty hours per week. D.C. ST §32-1003(c).

56. Defendants failed to pay Plaintiffs the required wages and overtime compensation.

57. Unpaid wages and overtime wages are due and owing to Plaintiffs by Defendants.

58. Defendants' failure and refusal to comply with their obligations under the DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but not less than $224,470.50, which is approximately three times the wages owed; and to grant to Plaintiffs their reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

                        Respectfully submitted,

                        STEIN SPERLING BENNETT
                        DE JONG DRISCOLL PC

By:      /s/ *Mary Craine Lombardo*
        Mary Craine Lombardo (DC Bar 495881)
        25 West Middle Lane
        Rockville, Maryland 20850
        (301) 340-2020
        (301) 354-8126 – fax
        mlombardo@steinsperling.com

*Attorneys for Plaintiffs*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

10

3712870_1